

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,495-02

### EX PARTE JAMES PRESTON BALES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 114-0680-15-A IN THE 114TH DISTRICT COURT
### FROM SMITH COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Bales v. State*, No. 12-16-00048-CR (Tex. App.—Tyler Feb. 8, 2017) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance both before and during the trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Trial counsel has submitted an affidavit in response to Applicant's claims. Should the trial court determine it needs more information from counsel, it shall order trial counsel to provide a supplemental affidavit in response to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. Specifically, the trial court shall make findings as to whether counsel misadvised Applicant about how self defense would apply at trial. If the trial court finds counsel gave incorrect advice and Applicant would have accepted a plea bargain offer but for that advice, the court shall make specific findings as to whether the prosecution would have withdrawn the offer and whether the trial court would have accepted the offer. The trial court shall also make specific findings determining whether counsel erred in not making specific objections to the jury charge, and if so, whether Applicant was harmed. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 10, 2019
Do not publish